UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-60630-RAR

**WENDY ST. ELIEN**,

       Plaintiff,

v.

**ALL COUNTY ENVIRONMENTAL
SERVICES, INC.**, *et al.,*

       Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION
## FOR JUDGMENT AS A MATTER OF LAW

What evidence must a plaintiff put forth at trial to establish liability under the Fair Labor

Standards Act, 29 U.S.C § 201, *et seq*. ("FLSA"), so as to require submission of their case to the

jury?  Well, for starters, they must show that the FLSA actually applies as a matter of law.  Here,

after putting on her case for two days, Plaintiff Wendy St. Elien believed that she had introduced

sufficient evidence to support a finding of individual coverage under the FLSA.  However, this

Court disagreed upon granting Defendants' *ore tenus* Motion for Judgment as a Matter of Law

under Rule 50(a) of the Federal Rules of Civil Procedure ("Motion").  As explained on the record

at trial, and more fully detailed herein, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Judgment as a Matter of Law

is **GRANTED**.

## BACKGROUND

Defendant All County Environmental Services, Inc ("All County") is a small business that

provides pest control services to residential and commercial clients throughout Southeast Florida

from its sole office in Broward County.  *See* Defendants' Statement of Undisputed Material Facts

[ECF No. 22] at ¶ 1; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts

[ECF No. 25] at ¶ 1.  Plaintiff Wendy St. Elien worked as an Administrative Assistant in the office.

*Id.*  Plaintiff filed suit against All County, its President Victor West III, and his wife Dahlia West,

alleging that Defendants knowingly and willfully failed to pay her full and proper overtime wages

in violation of the FLSA.  Compl. [ECF No. 1] at ¶ 11.

Defendants moved for summary judgment, maintaining that All County did not earn

enough money to fall under the ambit of the FLSA, and the lack of "enterprise coverage" precluded

liability as a matter of law.  *See* Motion for Summary Judgment [ECF No. 21] at 1-2.  In denying

Defendants' Motion for Summary Judgment, the Court noted that while All County did not earn

enough to subject it to "enterprise coverage" under the FLSA, a question of fact remained as to

whether Plaintiff's interstate contacts were sufficient to trigger "individual coverage" under the

statute.  *See* Order Denying Summary Judgment [ECF No. 63] at 4.  The case proceeded to trial

on May 9, 2020.  [ECF Nos. 75-76].

At trial, Plaintiff testified that she placed phone calls to out-of-state customers three to five

times per week.  These calls were largely made to obtain approval to process credit card payments

for work done locally.  Plaintiff further testified that many of these out-of-state customers were

"snowbirds" who lived in Florida during the winter.  The Court, in an attempt to clarify Plaintiff's

testimony, asked Plaintiff about the nature of her out-of-state calls and whether she had any other

interstate contact:

> The Court:  So, is it fair to say that the business transactions you did
> with out-of-state individuals while you worked at this
> business really consisted of getting credit card
> authorization to bill?
>
> Plaintiff:  Correct.

Plaintiff proceeded to confirm that she would call customers who had a pending invoice, obtain their approval to use the credit card they had on file, and process said credit card payments. Plaintiff also communicated with customers or customer-representatives in Georgia, New York, and Canada in order to obtain permission for All County to enter their properties in South Florida.

Importantly, none of these contacts ever implicated the interstate movement of goods. Defendants moved for Judgment as a Matter of Law at the conclusion of Plaintiff's case, arguing that Plaintiff failed to meet her burden to establish individual coverage and thus, Defendants could not be liable as a matter of law given the inapplicability of the FLSA.

## **LEGAL STANDARD**

"The standard for judgment as a matter of law mirrors that of summary judgment in that the non-movant must do more than raise some doubt as to the existence of facts but must produce evidence that would be sufficient to require submission of the issue to a jury." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Although the Court looks at the evidence in the light most favorable to the non-moving party, "the non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." *Id.* (quoting *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000)). "Therefore, a substantial conflict in the evidence is required before a matter will be sent to the jury, and the grant of a Rule 50 motion is proper when the evidence is so weighted in favor of one side that that party is entitled to succeed in his or her position as a matter of law." *Id.*

A court may grant a motion for judgment as a matter of law in a jury trial when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Berrocal v. Moody Petroleum, Inc.*, No. 07-22549-CIV,

2010 WL 1372410, at *4 (S.D. Fla. Mar. 31, 2010) (citing *Akouri v. State of Florida Dept. of Transp.*, 408 F.3d 1338, 1343 (11th Cir. 2005); FED. R. CIV. P. 50(a)). "In deciding a Rule 50 motion, a court should review all of the evidence in the record, draw all reasonable inferences in favor of the non-moving party, and disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000)).

## ANALYSIS

The FLSA regulates activities "constituting" interstate commerce, not activities "merely affecting" it. *Thorne*, 448 F.3d at 1266 (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)); *see also Zarate v. Jamie Underground, Inc.,* 629 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (citing *Johnston v. Spacefone Corp.,* 706 F.2d 1178, 1182 (11th Cir. 1983)) ("Congress's primary purpose in refusing to extend FLSA's coverage to its constitutional maximum was to leave regulation of 'local' business to the states."). "To establish an FLSA claim, a plaintiff must show, among other things, either 'individual coverage' or 'enterprise coverage.'" *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1286 (S.D. Fla. 2015) (quoting 29 U.S.C. § 207(a)(1)).

Enterprise coverage may be shown by demonstrating that a defendant enterprise "(i) has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person *and* (ii) has an annual gross volume of sales made or business done [ ] not less than $500,000." *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)) (emphasis added) (internal quotations omitted). The Court has already held that Plaintiff cannot establish enterprise coverage as to All County because All County makes less than $500,000 a year. *See* Order

Denying Summary Judgment [ECF No. 63] at 4.  Consequently, Plaintiff must prove the existence of individual coverage to establish Defendants' liability under the FLSA.

In order to determine if individual coverage exists, the "court must focus its inquiry on the activities of the employee and not on the employer." *Martin v. Briceno*, No. 11-23228-CIV, 2014 WL 2587484, at *3 (S.D. Fla. June 10, 2014).  For an employee to be "engaged in commerce" for purposes of establishing individual coverage under the FLSA, the employee "*must be directly participating in the actual movement of persons or things in interstate commerce* by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne*, 448 F.3d at 1266 (emphasis added) (internal citations omitted); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (reiterating that "indirect or sporadic involvement" in interstate commerce is insufficient to establish individual coverage under the FLSA).  The employee bears the burden of proof "to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 121 (1946); *Warren–Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942)).

Here, considering the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to establish that she is covered by the FLSA.  Plaintiff argues that she has proven individual coverage exists, because she spoke with out-of-state customers 3-5 times per week.  *See* St. Elien Aff. [ECF No. 25-1] at ¶ 5 ("As part of my employment, I regularly communicated with customers and vendors of Defendants that were located outside Florida at least 3-5 times per

week."). At trial, Plaintiff testified that she would occasionally call customers or customer representatives who were in another state to obtain approval to process their credit cards or enter their property.[1] Several of these out-of-state customers were "snowbirds" who lived in South Florida for part of the year:

> The Court:  Am I correct that these out-of-state entities
> really were places where you submitted bills
> for services performed locally?
>
> Plaintiff:  They were pretty much snowbirds.

Nevertheless, Plaintiff maintains that her minimal telephonic contact is sufficient to establish individual coverage under the FLSA.

In support of her theory, Plaintiff points to *Wirtz v. Durham Sandwich Co.*, 367 F.2d 810, 812 (4th Cir. 1966) and *Westley v. Love Pet Grooming Salon, Inc.*, No. 8:18-CV-172-T-24 TGW, 2019 WL 249716, at *3 (M.D. Fla. Jan. 17, 2019). However, these cases are readily distinguishable from the case at hand and shine a light on the glaring flaw in Plaintiff's argument. Besides being a Fourth Circuit case from 1966, *Wirtz* is distinguishable because it involved the *shipment of goods* across state lines. *Wirtz*, 367 F.2d at 812 (finding that a plant manager who "regularly" received out-of-state shipments of goods 11 to 23 times per month, on an average of three to six times per week, could establish individual coverage under the FLSA). Here, Plaintiff readily concedes that she never participated in the interstate shipment of goods.

---

[1] Plaintiff testified that the out-of-state vendors that she spoke to were mostly local companies with headquarters outside of Florida:

> Q:  And these vendors, they may have had physical location here in
> Florida, but their headquarters were located outside of Florida; is that
> correct?
>
> A:  That's correct.

Plaintiff's reliance on *Westley* is even more telling.  In *Westley*, the Court found that regularly making and receiving interstate telephone calls, text messages, and email inquiries in order to schedule pet care services for seasonal, out-of-state customers was sufficient to establish individual coverage for purposes of defeating a 12(b)(6) motion to dismiss.  *Westley*, 2019 WL 249716, at *6.  The Court cautioned that while these allegations were sufficient to survive a motion to dismiss, they were not necessarily sufficient to establish liability:

> In contrast to *Dent*, Plaintiffs have alleged that they regularly made and received interstate telephone calls, text messages, and email inquiries in order to schedule services for pets of seasonal, out-of-state customers.  ***This is sufficient for this Court to find that individual coverage had been adequately pled.  However, Plaintiffs will eventually have to prove that they each engaged in regular and recurrent interstate communications in order to prove their FLSA claims.***

*Id.*[2] (emphasis added); *see also Lefevre v. La Cote Basque Winehouse, Inc.*, No. 8:15-CV-1428-T-23TBM, 2015 WL 6704107, at *1 (M.D. Fla. Nov. 3, 2015) ("Thus, by alleging that LeFevre 'regularly and routinely used the telephone' to communicate with out-of-state customers, the complaint alleges facts sufficient to establish individual coverage.").  In other words, contrary to Plaintiff's representation, *Westley* does not stand for the proposition that regularly making and receiving interstate telephone calls establishes individual coverage under the FLSA.

Indeed, even if Plaintiff were to somehow prove that she regularly used the instrumentalities of interstate commerce, she must also demonstrate that in doing so, she was "directly participating in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266; *see also Navarro v. Broney Auto. Repairs, Inc.*, 533 F. Supp. 2d. 1223,

---

[2]  *Westley* also notes that servicing out-of-state clients in Florida does not trigger individual coverage. *Westley,* 2019 WL 249716, at *5 ("Next, Plaintiffs point out that they often groomed pets owned by seasonal, interstate travelers (*e.g.*, Florida's 'snowbirds'). However, this is immaterial for individual coverage, as the grooming occurred in Florida.").  Thus, Plaintiff's contact with out-of-state "snowbirds" regarding services to be performed locally is of no moment.

1226 (S.D. Fla 2008) ("Congress did not intend to exercise the full scope of its power under the Commerce Clause in the FLSA . . . to establish individual coverage, [plaintiff] must show that he was engaged in the actual movement of persons or things in interstate commerce.") (internal quotations and citations omitted).  Here, Plaintiff has not produced any evidence that she used the instrumentalities of interstate commerce in her work.  On the contrary, the evidence at trial clearly demonstrated that Plaintiff solely serviced the intra state clients of a local pest control business.  The mere fact that some of All County's clients are "snowbirds" and required All County to obtain their approval before processing payments or entering their property does not alter the fundamentally local nature of Plaintiff's work.  And Plaintiff's use of the telephone to call customers who happen to be out of state regarding purely local commerce is insufficient to trigger individual coverage.

Plaintiff seems to hold the mistaken belief that testimony that she regularly spoke to out-of-state customers is sufficient to submit the case to the jury.  To be clear, the Court agrees that allegations that a plaintiff directly participated in interstate commerce by placing telephone calls to out-of-state customers is sufficient to navigate a plaintiff through the courthouse door.  *See, e.g., Lefevre*, 2015 WL 6704107, at *1.  However, in order to reach the jury, Plaintiff must *actually prove* that her use of the telephone to call out-of-state customers rose to the level of "directly participating in the actual movement of persons or things in interstate commerce."  *Thorne,* 448 F.3d at 1266 (holding that even when credit card bills come from out of state, "purchases made locally" are not "sufficient evidence of interstate activity.").

Ultimately, there is simply no evidence in the record that Plaintiff directly participated in the actual movement of persons or things in interstate commerce.  At best, her work "merely

affected" interstate commerce.[3]   Consequently, the Court finds that Plaintiff is not individually

covered under the FLSA, and Defendants are entitled to judgment as a matter of law.

**CONCLUSION**

For the foregoing reasons, and the reasons stated on the record, it is hereby

 **ORDERED AND ADJUDGED** that Defendants' *ore tenus* Motion for Judgment as a

Matter of Law is **GRANTED**.  A judgment will be entered in accordance with the foregoing by

separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of March, 2020.

 

 

 

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[3]  The mere processing of credit cards is insufficient to trigger individual coverage under the FLSA.  *See, e.g.*, *Thorne*, 448 F.3d at 1266-67.  Plaintiff argues that *Thorne* is distinguishable because Plaintiff had to speak with someone over the phone before processing the credit card transactions.  Plaintiff offers no authority in support of this point.  Further, drawing all reasonable inferences in favor of Plaintiff, the Court is unpersuaded that speaking on the phone with "snowbirds" to obtain approval for local work and payment processing constitutes "direct participation" in interstate commerce.